

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-85,526-01

### EX PARTE LEWIS MICHAEL WALL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W219-80388-2011-HC IN THE 219TH DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of prohibited sexual conduct and sentenced to twenty years' imprisonment for each count. The Fifth Court of Appeals affirmed his conviction. *Wall v. State*, No. 05-13-00127-CR (Tex. App.—Dallas Aug. 11, 2014) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because he did not object to the submission of an improper range of punishment. Applicant raises twenty other grounds,

including ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and actual innocence.

Reviewing Applicant's claims challenging the validity of the conviction, the habeas court entered extensive findings recommending relief be denied. After an independent review of the record, we agree with the trial court's proposed findings of fact and conclusions of law. Relief on Applicant's claims challenging the validity of the conviction is denied.

The trial court determined that trial counsel's performance at the punishment phase was deficient in that counsel did not object to submission of the incorrect range of punishment to the jury. The court determined that such deficient performance prejudiced Applicant. We agree. Relief is granted. The sentences in Cause No. W219-80388-2011-HC in the 219th District Court of Collin County are set aside, and Applicant is remanded to the custody of the Sheriff of Collin County for a new punishment hearing. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 7, 2016
Do not publish